---

## HENRY W. SEALE, Respondent, v. INA LOUISA GREER, Appellant.

### No. 1464; June 8, 1868.

**Partition—Action of Commissioners—Presumption.**—The action of the commissioners under an interlocutory judgment in a partition proceeding is to be presumed to have been in accordance with the rules laid down in such judgment, if no error appears on the face of their report or those objecting to their actions do not make error therein affirmatively to appear.

**Partition.—A Party is not Entitled to Except to the Report** of the commissioners in partition, on behalf of others who have not complained.

**Partition—Effect on Controverted Title.**—A partition of land the title to which has been in controversy between the parties concludes them as to that title in the particular partition.

**Partition.—An Objection by a Party to a Partition,** that the part allotted to him is taken up to some extent by a road, must show that he would have been entitled to a further amount, equal in area to the road, had the latter been excluded.

**Partition — Improvements.**—When an Interlocutory Judgment has required the commissioners to set off the tracts in such manner that the tract allotted to each party shall include all his improvements, in order to have the report of the commissioners set aside, a party may not show that this course was not pursued in one instance unless he also shows how it could have been pursued without doing injury to the rights or interests of others.

APPEAL from Third Judicial District, Santa Clara County.

Suit for partition.

S. O. Houghton for respondent; Thos. Badley and B. S. Brooks for appellant.

RHODES, J.—By the interlocutory judgment it was ordered "that there be set off to the said several parties such portions of said premises as will include their respective improvements, provided, always, that the rights or interests of neither of the other parties be prejudiced thereby; and that there be set off to the said Henry W. Seale his share or interest upon the south side of said rancho, in such manner as to include his improvements, provided that the same can be done without prejudice to the rights of any of the others in interest."

Counsel for the defendants have cited many authorities to prove that the first portion of the order is equitable, just and proper, but the proposition is not doubted by the other side, and cannot be successfully assailed.

The question presented is, whether the commissioners have erred in the application of the rules laid down in the interlocutory judgment. No error appears on the face of their report, and as none will be presumed, the report ought not to be set aside, unless the parties excepting to it show such a state of facts as will make the alleged error affirmatively and clearly appear.

It is not shown that the tract of land allowed to defendant Mercier is not equal in value to his share of the whole rancho. Had the whole road been excluded from his tract, it would not necessarily follow that he would have been entitled to a further amount, equal in area to that occupied by the road. Whether the road increased, or diminished, the value of the tract is not shown, nor does it appear what was the opinion of the commissioners on that point; but it is certain that they were of the opinion that the tract allotted to him, including the roads, was equal in value to his share of the whole lands.

It is not alleged that the tract set off to him does not include his improvements, but he complains that the tract set off to the Seatons was not located on lands in his (Mercier's) possession.

The Seatons have not complained of the partition, and Mercier is not entitled to except to the report on their behalf. The fact that litigation was pending between him and the

Seatons respecting the title under which they claim does not give him any right to act for them; for the interlocutory judgment ascertained and fixed the rights of the several parties in the lands, and such determination, whatever may be the result of the litigation alluded to, is conclusive in this partition.

It is alleged that Mrs. Greer's share should have been set off so as to include all of her improvements. No complaint is made that the value of the tracts allotted to her is not equal to the value of her interest in the whole rancho. No facts are stated by her, or are shown by the affidavits presented by her, going to prove that the tract she now wishes set off to her could have been allotted to her without producing injury to her cotenants. There is the general statement, that her share could have been set off to her, as she now desires, without injury to the other parties, but this is denied by the other side. Had her share been set off, as she now demands, it clearly would have interfered with the location of the plaintiff's share at the south side of the rancho, as ordered by the interlocutory judgment. The tract at the northeastern portion of the rancho was set off to her, so as to include a house and improvements formerly in her possession, and this was done, as one of the commissioners testifies, at her request, made through her husband. Her husband denies that he made such request, but we could not say that the court erred in giving the greater credit to the statement of the commissioner.

And so of the tract at the Embarcadero. Both Mrs. Greer and the plaintiff claimed to be in possession of the tract, but the commissioners found that the plaintiff was in the possession, and allotted it to him.

The commissioners found it impossible to allot the portion either of Mrs. Greer or the plaintiff in one compact body; and the plat very plainly shows that the lands allotted to the plaintiff are quite as inconvenient in form as those allotted to Mrs. Greer.

A considerable portion of the lands allotted to the plaintiff are situated at the northern side of the rancho, and it is but reasonable to presume, in the absence of evidence to the contrary, that neither the lands allotted to the plaintiff, nor those to Mrs. Greer, could have been set off in other por-

tions of the rancho without injury to the interests of the other tenants in common.

The statement that the lands are not so set off as to include in the portion allotted to any one of the parties all of his or her improvements is not sufficient ground for setting aside the report, but it should have been further shown that the allotment could have been so made as to include in the portion of either more of his or her improvements, without injury to the rights or interests of the others.

Judgment affirmed.

We concur: Sprague, J.; Sanderson, J.; Sawyer, C. J.; Crockett, J.