[Civ. No. 3982. Third Appellate District.—March 19, 1930.]

SALVATORE NUNZIATO, Respondent, v. W. I. PROUT, Appellant.

574

 

Sherman & Sherman and Austin Sherman for Appellant.

John L. Schaefer and Roy C. Kaiser for Respondent.

BURROUGHS, J., *pro tem.*—The plaintiff commenced this action to rescind a contract, by the terms of which he agreed to purchase and the defendant agreed to sell certain machinery used in the manufacture of macaroni. The defendant denied the allegations of the amended complaint upon which the rescission of the contract was based, and by a cross-complaint set up two causes of action, one for the recovery of $4,500 for goods, wares and merchandise alleged to have been purchased by plaintiff from the defendant, and one to recover the sum of $1500 alleged to be due him for labor and materials furnished to plaintiff within two years last past. The plaintiff denied the allegations of the cross-complaint, and as a special defense set up the same facts alleged in the original complaint for a rescission of the contract. The court made findings of fact and conclusions of law, and entered its judgment that the plaintiff take nothing by his complaint, that the defendant take nothing by his cross-complaint, and that neither party was entitled to his costs. The defendant appeals from that portion of the judgment which provides ''that plaintiff and cross-defendant is not indebted to defendant W. I. Prout, that defendant W. I. Prout take nothing by his cross-complaint, and that neither party is entitled to his costs herein.'' The appeal is upon the judgment-roll alone.

The court found the following facts alleged in plaintiff's amended complaint to be true: That, on or about the ninth day of February, 1925, plaintiff and defendant entered into an agreement wherein the defendant agreed to purchase and the defendant agreed to sell one double cylinder hy-

draulic macaroni press, one double cylinder horizontal short goods hydraulic macaroni press, and one kneading machine, as per specifications set forth in said agreement, and wherein plaintiff agreed to pay therefor the sum of $7,500; that at the time of entering into said agreement the defendant represented to the plaintiff that he was a manufacturer of macaroni machinery, and that he could manufacture the machinery described in the contract, and that he would make a first-class job; that plaintiff relied upon said representations, and believing them to be true, signed the contract and paid $3,000 on the contract price; that on January 30, 1926, plaintiff notified the defendant that he could not make either the macaroni presses or the kneading machine function according to their capacity provided in the contract, and notified the defendant to come to plaintiff's factory and place all three of said machines on a satisfactory working basis; that defendant agreed to do as requested provided plaintiff would send defendant transportation costs from Denver, Colorado, to Los Angeles, California; that plaintiff did send defendant $100, which was in excess of the sum required for transportation, as aforesaid; that defendant arrived in Los Angeles, February 26, 1926, and took full charge of all of said machinery for the purpose of putting it on a satisfactory working basis; that the two macaroni presses have never been put on a satisfactory working basis, and are not as represented by the defendant in the contract of purchase; that the kneading machine has been used by the plaintiff in its business since its delivery to plaintiff, and was so used after the notice of rescission; that on the sixth day of May, 1926, and as soon as plaintiff had ascertained that the representations were untrue, he tendered to defendant a duly executed notice of rescission of said agreement; and that defendant refused and still refuses to rescind said contract. The court further found that the plaintiff was not indebted to the defendant either upon the first or second count contained in his cross-complaint.

The appellant contends that the trial court erred in adjudging that the respondent was not indebted to appellant and that the latter take nothing by his cross-complaint. He claims that the special defense set out in the amended answer to the cross-complaint does not state facts sufficient

to constitute a defense; that the fraud alleged in said amended answer does not show any damage and, therefore, is not actionable. It becomes unnecessary to examine this question. The court refused respondent any relief, and there is no appeal by him. The appellant alleged in his cross-complaint that plaintiff within two years last past became indebted to the defendant in the sum of $4,500 for a balance due for goods, wares and merchandise. In the second count of said cross-complaint it is alleged that plaintiff became indebted to the defendant in the sum of $1500 for labor done and materials furnished. These allegations were both denied. The court found that said allegations were untrue. In the absence of the evidence, it must be presumed that these findings of the court are supported by the evidence. In 2 California Jurisprudence, page 689, section 395, it is said: ''Where the evidence is not included in the record, the findings, . . . are conclusive, for there is nothing to enable the appellate court to pass upon the sufficiency of the evidence.''

The mere fact that the trial court found against the respondent on the special defense to the cross-complaint is not sufficient to justify this court in interfering with the judgment. It is said in 2 California Jurisprudence, page 879, section 515, as follows:

''Because of the presumption in favor of the verdict and findings and judgment, the appellate court when receiving the evidence in support of a verdict or finding, or, in the absence thereof, in support of the judgment, must take into consideration all the evidence rather than certain disconnected portions thereof. It must accept as true all evidence tending to establish the correctness of the finding or verdict and it must consider it in most favorable aspect toward the prevailing party, and give to him the benefit of every inference that can reasonably be drawn in support of his claim. A mere doubt as to whether a finding is justified by the evidence does not authorize the appellate court to set aside the finding.''

No sufficient reason has been shown why the judgment should be disturbed. The judgment is, therefore, affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 18, 1930, and the following opinion then rendered thereon:

THE COURT.—Appellant, in his petition for a rehearing insisting that the trial court should have either entered judgment in favor of appellant for the sum of $4,500 alleged to be the unpaid portion on the contract involved in this action, or should have entered judgment for damages in favor of the plaintiff, overlooks the fact that under the contract involved in this action, after the sum of $3,000 was paid thereon, the remainder of the purchase price did not become due and payable until the machinery in question had been installed and placed in a satisfactory working condition.

Finding No. 2 of the trial court is to the effect that the machinery just referred to, to wit, two macaroni presses, did not function satisfactorily when installed, and that the appellant has never put said presses on a satisfactory working basis.

This being simply an appeal upon the judgment-roll, it must be assumed that the finding of the trial court is amply supported by the testimony. Under such circumstances, the remainder of the purchase price mentioned in the contract has not become due and payable, and will not become due and payable until the presses have been put in the working condition called for by the terms of the contract.

The petition for a rehearing is denied.