[Civ. No. 5139.   Third Appellate District.—October 19, 1934.]

V. VALENTE, Respondent, v. THOMAS SICA, as Administrator, etc., Appellant.

Lindsay & Gearhart, Wakefield & Hansen and Nathan F. Coombs for Appellant.

Wallace Rutherford for Respondent.

PULLEN, P. J.—The question here presented has to do with the sufficiency of a creditor's claim against the estate of a decedent. The trial court, upon conflicting evidence, has found that the claim was duly presented to the administrator of the estate of Gerardo Sica, deceased, which finding is binding upon us.

The first point urged by appellant is that the claim is insufficient in that the affidavit thereto is defective. The claim sets forth in sufficient detail items of the account, and attached to the claim is the following affidavit, duly verified:

"State of California,

"County of Napa,—ss.

"Wallace Rutherford, Attorney for V. Valente, whose foregoing claim is herewith presented to the administrator of the estate of said deceased, being duly sworn, says that the amount thereof, to-wit: The sum of Four Thousand three hundred fifty and 31/100 Dollars is justly due to the said claimant; that no payments have been made thereon, which are not credited, and that there are no offsets to the same, to the knowledge of said affiant.

"Affiant makes this affidavit on behalf of said claimant because of his absence from the County of Napa.

"(Signed)   WALLACE RUTHERFORD."

Appellant contends as a ground of insufficiency that this affidavit is not made by the claimant but by a third person, and the reason the same is not made by claimant personally is insufficient.

Section 1494 of the Code of Civil Procedure in effect at the time the claim was verified, the provisions of which are now found in section 705 of the Probate Code, is as follows: "Every claim which is due, when filed or presented must be

supported by the affidavit of the claimant or someone in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant. . . . When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason therefor.''

An examination of the verification reveals the fact that affiant is the attorney for claimant, and contains a positive statement the amount is justly due and that there are no offsets to the same to his knowledge. We believe the verification substantially complies with section 705 of the Probate Code. Our courts have in the past, refused to be technical in ruling upon matters of this sort. (*Estate of Swain,* 67 Cal. 637 [8 Pac. 497]; *Guerian* v. *Joyce,* 133 Cal. 405 [65 Pac. 972]; *Western States Life Ins. Co.* v. *Lockwood,* 166 Cal. 185 [135 Pac. 496].)

In the case of *Doolittle* v. *McConnell,* 178 Cal. 697 [174 Pac. 305], it was held a claim against an estate of a deceased person verified by an attorney for the creditor, the latter being out of the state, could not be attacked on the ground the attorney did not have actual knowledge of the facts supporting the claim when, as is true in the instant case also, vouchers and proofs were not called for, and the attack on the claim was not made until after the time had expired for presentation of claims, and suit had been brought on the rejected claim. The affidavit in that case by the attorney, was very similar in language to the affidavit at bar, except in the Doolittle case there appeared after the reason for affiant making the affidavit, the statement ''and deponent is familiar with the facts in this claim''. Such a statement could add nothing to the strength of the affidavit in the instant case, as affiant having made a positive assertion under oath, we must assume he was familiar with the facts set out in the claim.

Appellant next urges that there was no filing or presentation of the claim as required by section 1490 of the Code of Civil Procedure. (Sec. 700, Probate Code.) This section provides for the publication of notice to creditors, requiring all persons having claims against decedent to file them with the necessary vouchers in the office of the clerk of the court from which letters were issued or to present them to the executor or administrator at his residence or place of

business specified in the notice within the time required by law. Here the claim was addressed to and mailed to the attorneys for the administrator at their office in Fresno, being the place designated in the notice to creditors where claims might be presented. ■ We believe that upon satisfactory proof of mailing to the designated office of the administrator he is presumed to have received the claim in the regular course of the mail. (Sec. 1963, subd. 24, Code Civ. Proc.) Appellant concedes if a claim were presented in person at the office of the administrator it would be a proper compliance with the statute and we can see no distinction between personal presentation and mailing. The conduct of our business affairs is so dependent upon the use of the mails that to hold otherwise would be a step backward. Although appellant points out certain differences between the case at bar and *Sime* v. *Hunter*, 50 Cal. App. 629 [195 Pac. 935], nevertheless that case is ample authority for the conclusions we have reached.

The judgment is affirmed.

Plummer, J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1934.