[Civ. No. 2238. Fourth Appellate District.—March 10, 1939.]

GLADYS STACEY et al., Respondents, v. EMMETT HAYES, Appellant.

Borton, Petrini, Conron & Borton for Appellant.

Calvin H. Conron, Jr., and J. W. Heard, Jr., for Respondents.

MARKS, J.—This is an appeal from a judgment in favor of plaintiffs in the total sum of $2,500 damages suffered as

a result of injuries to Mrs. Stacey while riding as a guest of defendant in his automobile. Plaintiffs are husband and wife.

Shortly after 7 o'clock on the evening of November 26, 1936, Mrs. Stacey and defendant started on a short ride. They passed over a bridge on Oak Street, west of the west city limits of Bakersfield, went on a short distance and turned around for the return trip to Bakersfield. Shortly after leaving a ramp which descended from the east end of this bridge, defendant's car came into collision with another car and Mrs. Stacey suffered the injuries complained of.

The main part of the Oak Street Bridge extends from east to west with the easterly portion curving to the south. On leaving the bridge the roadway continues over a ramp which also curves to the south and descends to the level of the surrounding country. The curve of the roadway on the ramp is described as rather sharp.

The roadway on the bridge is paved and is twenty-four feet wide. It narrows to twenty-two feet on the ramp, then widens out to about thirty feet at the place of the accident. There are smooth dirt shoulders on both sides of the hard surfaced portion of the roadway.

██ The case was tried without a jury. The trial judge was very familiar with the place of the accident and during the trial announced that this knowledge should be substituted for an exact description of it by witnesses. Counsel concurred in this suggestion. While this method of procedure saves time in the trial court, it leaves an appellate court entirely in the dark as to what may be important features of the case as its members have no way of knowing what this knowledge might be as it is confined in the mind of the trial judge. That knowledge is evidence which is not in the record. (*Ethel D. Co.* v. *Industrial Acc. Com.*, 219 Cal. 699 [28 Pac. (2d) 919].) On appeal it must be presumed that such missing evidence supports the findings and judgment. (*Haase* v. *Central Union High School Dist.*, 27 Cal. App. (2d) 319 [80 Pac. (2d) 1044].)

██ Of course, this being a guest case, defendant must have been guilty of wilful misconduct in order to permit a recovery by plaintiffs. (Sec. 403, Vehicle Code.)

The only question we need consider is whether or not the finding of fact on this issue supports the conclusion of wilful misconduct on defendant's part. That finding is as follows:

"It is true that at said time and place said defendant, Emmett Hayes, wilfully drove, operated and controlled his said automobile in an improper manner and with total disregard of the rights and safety of plaintiff Gladys Stacey and others, in the form and manner as follows: that said defendant drove said vehicle twenty-one inches over the center line of said highway and into the path of said oncoming vehicle; that in conducting such maneuver said defendant operated said vehicle around a curve at the southerly end of said Oak Street Bridge, on said highway, at a rate of speed between thirty and thirty-five miles per hour; that said defendant knew and realized the speed and location of said vehicle at the time said (vehicle) was traversing from the southerly ramp of said bridge and in the face of said approaching vehicle; that said plaintiff, during all of the time said vehicle was traversing the southerly ramp of said bridge, warned the defendant that the vehicle was being operated on the wrong side of the highway and warned the defendant that there was an approaching car in the immediate vicinity of said defendant's vehicle; that plaintiff Gladys Stacey protested against the conduct of the defendant before-mentioned; that defendant, in spite of the protest of said plaintiff, and knowing the dangerous position and speed of said vehicle, failed to change the course of the vehicle so as to cause it to return to its proper side of the highway, and failed to lower the rate of speed at which it was being driven."

"That such conduct upon the part of the defendant at the time and place of said accident did constitute wilful misconduct; . . ."

The approved definition of wilful misconduct is found in *Meek* v. *Fowler*, 3 Cal. (2d) 420 [45 Pac. (2d) 194], where the Supreme Court said:

"The phrase 'wilful misconduct', as employed in our so-called guest statute, has been variously defined in the many cases that have had occasion to consider the same. We shall not attempt to reconcile the several definitions and applications given to this phrase. It is satisfactorily defined in *Turner* v. *Standard Oil Co.*, 134 Cal. App. 622, 626 [25

Pac. (2d) 988], wherein it is declared that ' ''wilful misconduct'', within the meaning of this statute, may then be defined as intentionally doing something in the operation of a motor vehicle which should not be done or intentionally failing to do something which should be done under circumstances disclosing knowledge, express or to be implied, that an injury to a guest will be a probable result'.

''The case of *Howard* v. *Howard,* 132 Cal. App. 124, 128 [22 Pac. (2d) 279], after defining gross negligence as set forth in *Krause* v. *Rarity,* 210 Cal. 644 [293 Pac. 62, 77 A. L. R. 1327], and what is meant by wilful misconduct as set forth in *Helme* v. *Great Western Milling Co.,* 43 Cal. App. 416 [185 Pac. 510], declares that ' ''The mere failure to perform a statutory duty is not, alone, wilful misconduct. It amounts only to simple negligence. To constitute 'wilful misconduct' there must be actual knowledge, or that which in the law is esteemed to be the equivalent of actual knowledge, of the peril to be apprehended from the failure to act, coupled with a conscious failure to act to the end of averting injury.'' ' ''

█ In order to support the conclusion of wilful misconduct the quoted finding must affirmatively show that defendant intentionally did something in the operation of his motor vehicle which he should not have done, or intentionally failed to do something he should have done, under circumstances disclosing either an express knowledge on his part or a knowledge to be implied from the facts and imputed to him under the surrounding circumstances, that injury to his guest would be a probable (not a possible) result. Though there need be no actual conscious intent to injure the guest, the act done or the omission made must be intentional. The probability of injury to the guest from such act or omission must have been an apparent consequence to a man of ordinary prudence and intelligence.

█ In analyzing the finding it is apparent that the trial court expressly relied on two acts of defendant upon which to predicate wilful misconduct, namely, speed of between thirty and thirty-five miles an hour, and, driving with the left side of his car twenty-one inches to his left of the center line of the highway. The finding also justifies the inference

that defendant was not carefully observing the roadway ahead of him.

The evidence, and lack of evidence, before us support the finding of speed and the driving of the car on the left-hand side of the road, both of which acts violate the statutes. (Sec. 511, subd. 3, and sec. 525, Vehicle Code.)   Inattention to the roadway ahead may be negligence.   It goes without saying, that defendant was guilty of negligence.   He might even have been guilty of gross negligence.

It is established that speed, of itself alone, is not wilful misconduct.   (*McLeod* v. *Dutton,* 13 Cal. App. (2d) 545 [57 Pac. (2d) 189]; *Lennon* v. *Woodbury,* 3 Cal. App. (2d) 595 [40 Pac. (2d) 292]; *Fisher* v. *Zimmerman,* 23 Cal. App. (2d) 696 [73 Pac. (2d) 1243].)

While the speed of thirty-five miles an hour was a violation of law, if the driver's view on the curve was obstructed (which fact we must assume, *Haase* v. *Central Union High School Dist., supra*), still under all the circumstances here existing it was not of itself wilful misconduct.   The roadway was paved, dry, and of ample width.   The descending grade was not steep.   While the curve to the right was sharp, the lights of the approaching car were visible, according to Mrs. Stacey's testimony.   It is common knowledge that under those circumstances a reasonably competent driver should have been able to negotiate the descending curve at that speed by merely exercising ordinary care.   There is nothing in that speed, under those circumstances, that would make injury to a guest a probable result.

The trial court found that defendant's car was twenty-one inches over on the wrong side of the road.   The left front corners of the two cars came into collision.   The broken glass from the headlights was in about the center of the road. At the point of collision there was about ten feet of paved highway to the right of defendant's car and about the same width of pavement to the right of the driver of the other car. It is evident that had either driver swerved his car slightly to his right there would have been no collision.

We think speed had little to do with the accident for it is common knowledge that an automobile being driven around a curve and down a gentle grade at thirty-five miles an hour may be swerved slightly from its direct path in safety.   It

is apparent that the proximate cause of the accident was the position of defendant's car over the center line of the road and his inattention to an approaching vehicle, together with the fact that the driver of the other car was equally inattentive and was also crowding, if not actually upon, the center line. That driver was also violating section 525 of the Vehicle Code. These facts do not establish the necessary probability of the accident and the consequent probability of injury to the guest. Ordinary care on the part of either driver would have avoided the collision.

In the case of *McLeod* v. *Dutton, supra,* the defendant drove at a high rate of speed on his left hand side of the road when another car was also on that side of the road in front of him. Dutton in that case, as did Hayes in the instant case, testified that he was not conscious of the automobile in front of him in time to avoid the collision. In commenting on this situation in *McLeod* v. *Dutton, supra,* the court said:

"In the instant case if it can be assumed that the driver of the Cord car intentionally raced it, that he intentionally ignored the 'Slow' sign, and that he did such acts in the dark on a foggy night, those facts, standing alone, did not constitute wilful misconduct. The record must further show that such acts were done under circumstances disclosing knowledge, express or to be implied, that an injury to a guest will be a probable result. The latter factors are wholly absent in the instant case.

"The fact, if it be a fact, that David C. Dutton, Jr., saw the Dodge car when it was three-tenths of a mile away, does not change the result. There is nothing in the evidence disclosing that when he attempted to pass the Packard car he knew, or had any reason to know, that the Dodge car was a short distance ahead on his left-hand side of the road and in a position practically broadside to the course of travel.

"Whatever might be the force and effect, in an action based on simple negligence or gross negligence, of Barbara's caution about fast driving and to slow down, it is clear from what has been said that such evidence did not prove nor tend to prove knowledge of the presence of the Dodge car nor its position."

It is evident that the quoted finding simply establishes the fact that defendant violated his statutory duties in driving

his car. The evidence does not disclose that he had any knowledge of the approaching car or of its position on the road. We believe that what was said in *Howard* v. *Howard,* 132 Cal. App. 124 [22 Pac. (2d) 279], is appropriate. In that case it was said:

"The mere failure to perform a statutory duty is not, alone, wilful misconduct. It amounts only to simple negligence. . . . If he may be said to have disregarded the possible consequences of his act, such disregard was due to carelessness rather than to wantonness and recklessness, and was undoubtedly based upon his belief that no injury was probable. While he may be said to have been reckless in the sense of being careless, that is only negligence and is not within the statute."

There is little to be gained by quoting further from the numerous authorities in which wilful misconduct has been discussed. The facts of no two cases are entirely similar and the existence or absence of wilful misconduct must depend upon the facts of each case. However, we cite the following cases that have assisted us in forming our opinion that the finding here does not support the conclusion that defendant was guilty of wilful misconduct. (*Meek* v. *Fowler, supra; Porter* v. *Hofman,* 12 Cal. (2d) 445 [85 Pac. (2d) 447]; *Sparrer* v. *Kersgard,*▮ (Cal.) [85 Pac. (2d) 449]; *Howard* v. *Howard, supra; Lennon* v. *Woodbury, supra; McLeod* v. *Dutton, supra; Hall* v. *Mazzei,* 14 Cal. App. (2d) 48 [57 Pac. (2d) 948]; *Del Bosque* v. *Singh,* 19 Cal. App. (2d) 487 [65 Pac. (2d) 951].)

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 5, 1939, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 8, 1939.