[Civ. No. 13644. Second Dist., Div. Three. Nov. 28, 1942.]

AMY CORNELL et al., Appellants, v. HEARST SUNICAL LAND & PACKING CORPORATION (a Corporation) et al., Respondents.

Bautzer & Ryan and Robert E. Ford for Appellants.

C. P. Kaetzel for Respondents.

SCHAUER, P. J.—This action is brought by the heirs at law of Thomas Eaton Cornell to recover damages for his death, which allegedly was proximately caused by negligence of the defendants in the maintenance of a wharf near San Simeon. Trial was by the court with jury waived; its findings are that defendants were not guilty of any negligence and that the decedent's death was proximately caused by his own negligence. Plaintiffs appeal from the judgment for defendants.

Certain additional issues, including the question as to whether decedent was a trespasser, a licensee, or an invitee, were disputed and determined in the trial court and are argued here, but as we have concluded that the finding that decedent's death was proximately caused by his own negligence is amply supported by the evidence, it is unnecessary to consider other points.

Defendants were at all times concerned the owners or operators of the above-mentioned wharf, which extended from

its shore abutment some 850 feet into San Simeon Bay. About one week prior to August 31, 1940, the decedent arrived in that bay aboard, and in command of, the fishing boat Pelican. The boat was anchored near the wharf and decedent, during daylight, *repeatedly used and traversed the wharf* in going and coming between his boat and the shore. He spent the evening of August 31 ashore with a friend, one L. B. Carver. It was upon endeavoring to return to his boat that night that he sustained fatal injuries.

In plaintiffs' opening brief their factual theory as to the accident is set forth as follows: "Sometime between 10:00 and 10:30 p.m. Mr. Carver drove Mr. Cornell back to the wharf, it being Mr. Cornell's intention to sleep aboard his boat, as was the usual custom of the fishermen.

"There was no moon and the night was very dark. There were no lights whatsoever burning on the pier or wharf or the adjoining warehouses. Mr. Carver drove his automobile into the areaway between the warehouses at the approach to the wharf. Mr. Cornell got out of the car and Mr. Carver backed his car away and proceeded towards his home.

"From what then transpired it must be assumed that Mr. Cornell proceeded along a route which he believed would take him to and over the pier and wharf. Due to the facts, however, that there were no lights in and about the premises, that there was no guard rail or fence around the open and uncovered platform and the night was very dark, Mr. Cornell instead of stepping onto the wharf, stepped a few feet to the right thereof over the first girder of the 'platform' and was plunged into the opening down to the pilings and beach below. By reason of this fall, he sustained severe injuries from which he died on or about September 2, 1940."

There is no direct testimony as to what occurred immediately after the decedent left Carver's automobile, and plaintiffs rely on the presumption that the deceased used ordinary care for his own safety (Code Civ. Proc., § 1963, subd. 4). They urge the proposition that such presumption "is conclusive in the absence of testimony to the contrary," and cite *Gregg* v. *Manufacturers Building Corp.,* (1933) 134 Cal.App. 147, 153 [25 P.2d 43, 1014], and *Gorman* v. *County of Sacramento,* (1928) 92 Cal.App. 656, 661 [268 P. 1083], as being illustrative of such presumption and similar to the case now before us. Those cases do furnish instances of the application of the presumption sought to be invoked, but

they are not controlling here. In each of them judgment was for plaintiff and the presumption of due care was relied upon as one item of evidence tending toward an affirmance on appeal. The same is true in the cases of *Crabbe* v. *Mammoth Channel G. Min. Co.,* (1914) 168 Cal. 500, 506 [143 P. 714], and *Kreitzer* v. *Southern Pacific Co.,* (1918) 38 Cal.App. 654, 668 [177 P. 477], both cited in the Gorman case. The other cases cited on this point, in the Gorman case, *Boyle* v. *Coast Improvement Co.,* (1915) 27 Cal.App. 714, 723 [151 P. 25], and *Ross* v. *San Francisco-Oakland T. Railways Co.,* (1920) 47 Cal.App. 753, 762 [191 P. 703], can also be distinguished from the case at bar. The presumption was mentioned as one of the factors requiring reversal of a judgment of nonsuit in the Boyle case and of a judgment for defendants on an instructed verdict in the Ross case. Because of the rules governing nonsuits and directed verdicts, we find nothing in those cases requiring us to hold that the evidence in the instant case was insufficient to justify the trial court in concluding that the presumption was overcome and in finding that Cornell's own negligence was the proximate cause of the injuries from which he died.

Maps, photographs and oral testimony were introduced to depict the physical characteristics of the pier and its approaches. There is no contention that the structure was altered during the week decedent used it, nor is it contended that there was any hidden defect or that the accident was the result of structural failure.

Supporting the finding of the trial court we note that the decedent was familiar with the structure and its approaches. If in previously traversing the wharf in daytime he used his faculties of perception as would a person in the exercise of ordinary care, he must have observed the defects and dangers to be avoided. Any that can reasonably be inferred to have contributed to his injuries were obvious in daylight. The darkness of the night and the absence of lights were circumstances which in themselves constituted a warning. (*Bruce* v. *Risley,* (1936) 15 Cal.App.2d 659, 664 [59 P.2d 847]; *Powers* v. *Raymond,* (1925) 197 Cal. 126, 132 [239 P. 1069]; cf. *Sanders* v. *City of Long Beach,* (1942) 54 Cal.App.2d 651 [129 P.2d 511].)

It will be recalled that Carver left decedent near the shore end of the pier shortly after 10:00 p.m. Between 10:15 and 10:30 one Jose Torres, who was asleep in a room of one of

defendant company's warehouses near the pier, was awakened by hearing his name shouted out; he turned on his light and opened the door; Cornell then came up to the door and said, ''Take me to the doctor.'' Torres quickly dressed, and with Cornell walked a few steps to Torres' car, helped Cornell into the car, and took him to a doctor. The night was clear and although there was no moon the stars furnished sufficient illumination to enable Torres to see to walk around and to see his automobile and the surrounding buildings. The next morning Torres ''looked at the ground around the wharf and also at the pier itself'' and saw a hat and a package of cigarettes on the ground. One cigarette was out of the package. Another witness, Sumners, testified that on the same morning (September 1, 1940) he saw a hat or knitted cap lying on the ground near the wharf, with a single cigarette a few inches away; he inspected the cigarette and found that it was not burned, but it was black as if ''it had come in contact with a match''; he did not see the package of cigarettes. The exact places where the articles were found were fixed by the witnesses with reference to a drawing of the premises (Plaintiff's Exhibit 2). In addition to the evidence mentioned above, the trial judge, by stipulation of the parties, inspected the premises. There was also evidence that such premises, at the time of trial, were, in material aspects, and except as specified, in substantially the same condition as at the time of the accident.

▮ The burden of proving contributory negligence on the part of decedent as a defense to the action by his heirs at law rested on defendants, but all of the evidence shown to have been received by the court may, of course, be considered in determining whether the disputed finding has legally adequate support (See *Brison* v. *Brison*, (1891) 90 Cal. 323, 334 [27 P. 186]; *Nunziato* v. *Prout*, (1930) 104 Cal.App. 573, 576 [286 P. 455, 287 P. 366]; *Smith* v. *Maloney*, (1938) 26 Cal.App.2d 97, 100 [78 P.2d 1034]). ▮ We are bound on appeal to view the evidence from aspects most favorable to sustaining the judgment. (2 Cal. Jur. § 515, p. 880; *Nunziato* v. *Prout, supra; Macart* v. *San Joaquin B. & L. Assn.*, (1941) 45 Cal.App.2d 395, 398 [114 P.2d 395]; *Dell* v. *Hjorth*, (1942) 51 Cal.App.2d 576, 578 [125 P.2d 505]; *De La Motte* v. *Rucker*, (1942) 55 Cal.App.2d 226 [130 P.2d 444]; *Signorelli* v. *Miller*, (1942) 55 Cal.App.2d 538 [130 P.2d 730].) If the evidence, so viewed, is prima facie sufficient, then

the presumption relied on by plaintiffs constitutes at most a mere conflict in the evidence. In such a case the relative weight of the evidence is for the trier of facts (see *Simonton* v. *Los Angeles T. & S. Bank,* (1928) 205 Cal. 252, 258 [270 P. 672]; *Ohran* v. *County of Yolo,* (1940) 40 Cal.App.2d 298, 306 [104 P.2d 700]; *Duehren* v. *Stewart,* (1940) 39 Cal.App.2d 201, 208 [102 P.2d 784]; *Smellie* v. *Southern Pacific Co.,* (1931) 212 Cal. 540, 561 [299 P. 529]; *Ross* v. *San Francisco-Oakland T. Railways Co., supra,* (1920) 47 Cal.App. 753, 762, 763; *Grantham* v. *Ordway,* (1919) 40 Cal.App. 758 761 [182 P. 73]), and the conclusion of such fact trier is conclusive upon an appellate court unless it be *manifestly* without support in the evidence (*Ohran* v. *County of Yolo, supra; Simonton* v. *Los Angeles T. & S. Bank, supra;* see *Fanning* v. *Green,* (1909) 156 Cal. 279, 282 [104 P. 308]).

We are satisfied that the evidence in the record reasonably supports the trial judge's conclusion that decedent unfortunately failed, at least momentarily, to exercise due care for his own safety. From his repeated use of the premises he must be held to have been familiar with them. If the night was so dark that he could not avoid the dangers which he knew were there, it was negligent to proceed. ■ If there were otherwise any doubt as to the legal adequacy of the evidence to support the disputed finding it would be dispelled by the fact of the inspection of the premises by the trial judge. His observations constitute independent evidence (*Gates* v. *McKinnon,* (1941) 18 Cal.2d 179, 183 [114 P.2d 576]; 24 Cal. Jur. p. 752, § 34, and cases there cited) not fully depicted in the record, which we must presume supports the judgment (*Jones* v. *Bridges,* (1940) 38 Cal.App.2d 341, 344 [101 P.2d 91]; *Ethel D. Co.* v. *Industrial Acc. Com.,* (1934) 219 Cal. 699, 704-705 [28 P.2d 919]; see also *Haase* v. *Central Union H. S. Dist.,* (1938) 27 Cal.App.2d 319, 325 [80 P.2d 1044]).

The judgment is affirmed.

Shinn, J., and Wood (Parker), J., concurred.