[Civ. No. 13615.   Second Dist., Div. Three.   Dec. 7, 1942.]

KATHERINE E. GIBSON VON BRETON, Respondent, v.
LEROY HICKS et al., as Executors, etc., Appellants.

Horowitz & McCloskey, Jack G. Schapiro and Fred Horowitz for Appellants.

Fred Aberle, Harold L. Watt and Carol G. Wynn for Respondent.

SCHAUER, P. J.—Plaintiff sued in equity to establish the validity of a creditor's claim and to compel the creation of a fund for the payment of such claim. Judgment was entered in favor of plaintiff, and defendants appeal. ▮▮ The sole ground upon which defendants seek a reversal is their contention, in effect, that the evidence is insufficient to sustain the finding that "on the 25th day of March, 1941, and within . . . [the] six months' period, as prescribed by the . . . notice to creditors as published, said plaintiff caused to be presented to the . . . co-executors at the place designated in . . . [the] notice to creditors a creditor's claim for the sum of Ten Thousand Seven Hundred Dollars," being the claim constituting the basis of this suit. Defendants' contention cannot be sustained.

The period for presenting claims expired on March 26, 1941. The crucial evidence in support of the questioned finding is the testimony of one of plaintiff's attorneys that on March 25, 1941, at approximately 5:10 p. m., he personally deposited the original creditor's claim in the office specified in the published notice by placing such claim, enclosed in a sealed envelope, in "the mail compartment" on the side of the outer door of such office. The office was that of the attorney for the executors. The envelope was directed to the attorney for the executors at the address to which it was delivered. At the time of such deposit the lights were on in the office, the door was locked, and plaintiff's attorney received no response to his knock. Defendants' attorney testified that he had never received such creditor's claim and his secretary testified that she had never seen it. She also testified that "the office closes at 5:00 o'clock and I usually left about 5:00," and that she could not recall whether she was the first one to enter the office on the morning of the 26th. She was not asked whether she was the last one to leave on the evening of the 25th. None of the executors was produced as a witness and there was no direct evidence as to whether they had or had not received the claim. Defendants' attorney testified that he generally left his office "at 6:00 or 6:30" but that he had no independent recollection as to what time he left on March 25, 1941.

The notice to creditors appears to have been published by a special administrator prior to the appointment of defendants as executors of the will of decedent. It specifically directed "all persons having claims against . . . [the deceased]

to present them . . . to said special administrator with general powers, *at the office of his attorney,* Jack G. Schapiro, 1100 Bankers Building, 629 South Hill Street, City of Los Angeles . . . which said office the undersigned selects *as a place of business* in all matters connected with said estate, or to file them . . . in the office of the Clerk of the Superior Court. . . .'' (Italics added.) No evidence was produced to show what hours, if any, either the special administrator or the executors were present at or absent from the office so designated "as a place of business in all matters connected with said estate," nor what arrangements, if any, had been made by them, or any of them, for the transaction of the business of the estate at such office during their absence. There is, indeed, no evidence that the executors were not present in their designated office at 5 :10 p. m. on March 25, or that they did not receive the.plaintiff's claim immediately on its deposit in the mail compartment.

Defendants cite subdivision 24 of section 1963 of the Code of Civil Procedure, declaring the disputable presumption "That a letter duly directed and mailed was received in the regular course of the mail," and argue that it has no application here because the plaintiff's claim, although enclosed in a directed envelope and placed in the mail compartment on the door of the office, was not in fact "mailed." Such argument may be conceded; but plaintiff does not invoke subdivision 24 of section 1963. It is subdivision 20 of that section which is pertinent: "That the ordinary course of business has been followed." Also, in the mind of the trial judge the provisions of section 1960 of the Code of Civil Procedure may have been pertinent. That section provides that: "An inference must be founded: 1. On a fact legally proved; and, 2. On such a deduction from that fact as is warranted by a consideration of the usual propensities or passions of 'men . . . the course of business, or the course of nature." In the ordinary course of business persons who maintain an office for the transaction of business and who have in the outer door of such office a mail slot or compartment, receive papers placed therein.

Defendants also argue that the placing of the envelope in the door mail receptacle did not constitute either personal service or service by mail, as such service is provided for by the Code of Civil Procedure. Certainly such contention is correct. But, like the preceding argument, it amounts to no more than the setting up of another straw man for the satis-

faction of knocking him down. Section 700 of the Probate Code does not purport to require the formal "service" of creditors' claims. It does require persons having claims, "to file them . . . in the office of the clerk of the court . . . or to *present them* . . . to the executor or administrator, at his residence or place of business, to be specified in the notice, within six months after the first publication of the notice." (Italics added.)

▆ Normally it is a question of *fact* in each case as to whether a claim has or has not been *presented* to the executor or administrator. That is the situation here. For the determination of this appeal we do not need to, and we do not, hold that as a matter of law the placing of a creditor's claim in the mail compartment on the door of an executor's office (regardless of the hour), constitutes presentment to the executor. But we do hold that the evidence in this case is not as a matter of law insufficient to support the finding that the plaintiff's claim was presented to the executors on the date alleged (see *Roddan* v. *Doane,* (1891) 92 Cal. 555, 557 [28 P. 604], and *Valente* v. *Sica,* (1934) 1 Cal.App.2d 478, 481 [36 P.2d 1086]). It is also to be remembered that in testing the support of the questioned finding we must view the evidence in aspects most favorable to sustaining such finding. (2 Cal.Jur., § 515, p. 880; *Nunziato* v. *Prout,* (1930) 104 Cal.App. 573, 576 [286 P. 455, 287 P. 366]; *Macart* v. *San Joaquin B. & L. Assn.,* (1941) 45 Cal.App.2d 395, 398 [114 P.2d 395]; *Dell* v. *Hjorth,* (1942) 51 Cal.App.2d 576, 578 [125 P.2d 505]; *De La Motte* v. *Rucker,* (1942) *ante,* pp. 226, 229 [130 P.2d 444]; *Signorelli* v. *Miller,* (1942) *ante,* pp. 538, 542 [130 P.2d 730].)

The judgment is affirmed.

Wood (Parker), J., and Shaw, J. pro tem., concurred.