[Civ. No. 7072. Third Dist. Aug. 14, 1944.]

LOUIS J. CAMICIA et al., Appellants, v. ANTONE J. CAMICIA et al., Respondents.

Joseph A. Brown for Appellants.

Snyder & Snyder for Respondents.

ADAMS, P. J.—This action was brought by plaintiffs to secure the partition of certain property owned by plaintiffs and defendants as tenants in common. Trial by jury was waived. Pursuant to stipulation of the parties the trial court made and entered an interlocutory decree which adjudged that the two plaintiffs, husband and wife, were the owners of an undivided one-fourth interest each, in the property in controversy, and that defendant Antone J. Camicia was the owner of an undivided one-half interest therein, and appointed three referees to make partition. Thereafter said referees made their report in which they alleged that they had divided

the property according to the respective rights of the parties "quality and quantity relatively considered, as nearly as could be without prejudice to the rights and interests of the said parties, into two equal parts. . . ." Plaintiffs then moved the trial court to modify or set aside the report of the referees, contending that the division was not fair or just. This motion was denied, and a motion made by defendants to confirm the referees' report was granted. A decree confirming said report, and partitioning the property pursuant to the division made by the referees, followed. Plaintiffs have appealed on the sole ground that the division is not fair and equitable under the undisputed evidence.

The record shows that, in support of their contention that the report of the referees was unfair and inequitable, plaintiff Louis J. Camicia testified that in his opinion defendants had been allotted more than a fair share of the property according to the nature of the land and the values which he put upon it; also that the division made by the referees would necessitate the erection of a fence by plaintiffs in order to separate the lands allotted to them from those allotted to defendants should it become desirable for plaintiffs to use their portion for the pasturage of livestock, and that the erection of such fence along a portion of the division line would be impossible because of the swampy nature of the area it must traverse. Defendants, in support of the report, called the county surveyor who stated that he had made an analysis of the land involved in the action and had assisted the referees in arriving at their conclusions. In support of his motion to confirm, defendant Antone J. Camicia testified as to the quality and value of the various portions of the land, the purport of his testimony being that plaintiffs had received a fair and just division. Counsel for the parties then stipulated that the trial court might call the referees and get their reasons for making the division reported by them; also that the court should view the premises.

Thereafter the court twice inspected the premises, going over same on one occasion with the county surveyor. It then made and entered its decree finding that the referees had divided the property "according to the respective rights of the parties . . . quality and quantity relatively considered,

as nearly as could be without prejudice to the rights and interests of said parties,'' and confirming their report.

In view of the foregoing we are of the opinion that the judgment of the trial court must be affirmed. Whether the division made by the referees was fair and equitable was a question of fact submitted to the trial court on the conflicting testimony of the parties presented on their respective motions, and upon the inspections made by the trial judge. As in other cases, an appellate court, in a partition suit, will not ordinarily consider the sufficiency of the evidence to sustain the findings of the trial court, but such findings will be taken as conclusive where the evidence is conflicting and there is sufficient evidence to sustain them.

In *Capuccio* v. *Caire*, 207 Cal. 200 [277 P. 475], which also involved a motion to modify the report of referees in a partition suit, the court said, page 211:

''The appellants herein do not challenge in any respect the ability of said referees or of any one of their number, nor do they question the integrity and good faith of said referees in the slightest regard. Their whole contention upon this appeal is the contention that said referees might have made in certain respects a more just and equitable division of certain portions of said properties than they appear to have done and might have provided for more acceptable means of ingress and egress to the property or of roadways extending across the same and making accessible the somewhat infrequent harbors thereon. These, however, were all matters which were primarily the function of the trial court to determine upon the hearing of the report of said referees, and they were each and all presented to the trial court for such determination at the time of such hearing. There is no showing on this appeal of any abuse of discretion on the part of said court in determining these matters adversely to the views of the appellants herein upon the hearing of said motion, and this being so it would seem to be clear that a review of the decision of said court upon the matters involved in said motion upon the conflicting evidence presented before it at the hearing thereon will not be undertaken by this court upon this appeal.''

The view of the premises made by the trial judge constituted independent evidence which enabled him to verify the report of the referees (*Otey* v. *Carmel Sanitary Dist.*, 219

Cal. 310, 312-313 [26 P.2d 308]; *Rose* v. *State of California,* 19 Cal.2d 713, 733-734 [123 P.2d 505]); ▆ and on appeal such evidence must be presumed to support the judgment (*Stacey* v. *Hayes,* 31 Cal.App.2d 422, 424 [88 P.2d 165]; *Anderson* v. *State of California,* 61 Cal.App.2d 140, 145 [142 P.2d 88], and cases there cited). ▆ Also, as above stated, the trial court was authorized by the stipulation of the parties to consult with 'the referees and get their reasons for making the division recommended in their report; and, assuming that this was done, their reasons will be presumed to have satisfied the trial court that the division was fair and equitable under the circumstances.

In *Seale* v. *Greer,* 1 Cal. Unrep. 423, 424, the court said that where no error appears on the face of the report of commissioners in a partition action, none will be presumed; and that the report ought not to be set aside unless a party excepting to it shows such a state of facts as will make alleged error affirmatively and clearly appear.

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.