[Civ. No. 14318. Second Dist., Div. Three. Aug. 29, 1944.]

WILLIAM CLYDE WILCOX, a Minor, etc., et al., Appellants, v. FRANCES EPSTEIN, Respondent.

Frederick Brunner and Charles E. Taintor for Appellants.

Parker & Stanbury and Harry D. Parker for Respondent.

BISHOP, J. pro tem.— The trial court found that the defendant, who was driving an automobile that struck the three and a half year old plaintiff, William Wilcox, was not guilty of any negligence, and as a consequence of this finding alone, the judgment denying the plaintiffs any relief, because of the accident, is supported by the findings. Plaintiffs' appeal from the judgment is grounded upon the contention that the evidence does not support the finding referred to. We have concluded that the evidence cannot be said to be insufficient.

The paths upon whose intersection the accident happened, were those of the little plaintiff, who was proceeding ahead of his mother on a public sidewalk, and of the defendant, who was driving out from a parking lot, back of a building. The defendant did not make a stop as she reached the sidewalk line. She never saw the youngster until, after his mother's cry and her instant stop, she got out of her car and found him sitting about two feet in front of it. Supplementing these negative facts we have these bits of testimony. The defendant, taking her place at the blackboard at the plaintiffs' request, testified, in part: ''I was coming from the doctor's office back here, going toward the driveway. . . . My car stopped . . . after I had passed the Westmore line and the doctor's office line in the actual sidewalk partition. Q. You mean after you passed this point here on the diagram? A. That is right.'' One of plaintiffs' witnesses, also under examination at the blackboard, stated: ''This is the House of Westmore and this is the doctor's office; this is the driveway in between; the car came out through here, and just as it entered here I saw

the car hit the little boy, and then his feet went one way and his head was under the wheel, and then the car stopped. Q. Did you know how fast the car was driven? A. Well, no. It was barely rolling at the time I saw it. Just like that keeled the little boy over and stopped.'' By stipulation of the parties, the trial judge was authorized to, and the findings recite that he did, view the premises where the accident occurred.

On the record thus presented to us we cannot say that the evidence fails to support the finding of the trial court that the defendant was not negligent. We must assume that the trial court gathered, by his view of the premises, whatever evidence a view could add to contradict plaintiffs' claim that defendant's conduct was negligent. (*Stacey* v. *Hayes* (1939), 31 Cal.App.2d 422, 424 [88 P.2d 165]; *Cornell* v. *Hearst Sunical etc. Corp.* (1942), 55 Cal.App.2d 708, 713 [131 P.2d 404].) The references to ''here'' and ''there'' on a map, not a part of the record, add to the presumption that the trier of fact had support for his conclusion. (*Haase* v. *Central Union High School Dist.* (1938), 27 Cal.App.2d 319, 325 [80 P.2d 1044]; *Bogan* v. *White* (1934), 137 Cal.App. 150, 154 [30 P.2d 429].) No provision of statutory law, of which we are aware, made it the duty of the defendant to bring her barely rolling car to a stop as she reached the sidewalk. Her failure to do so, under the conditions known to the trial judge, does not necessarily appear to be a neglect of a course of action that a reasonably careful person would pursue. In her opening brief plaintiff states: ''The defendant gave no signal before driving into the sidewalk.'' There is no support in the record for this statement, and of course the burden was on the plaintiffs to prove that the defendant omitted to signal if they wish to rely upon that omission as negligence. The accident occurred around 11:30 in the morning, so that the driver of a barely rolling car could with confidence expect that her approach would be heard and observed by anyone about to cross her path, and it was not, necessarily, negligent of her to act on the assumption that a three and a half year old child would not be permitted to proceed in front of her car after it was so close to the sidewalk that the child was hidden by her car's hood.

The judgment is affirmed. The appeal from the nonappealable order, denying a new trial, is dismissed.

Desmond, P. J., and Shinn, J., concurred.