[No. D003426. Fourth Dist., Div. One. May 19, 1986.]

Estate of GARY SCHWEITZER, Deceased.
ORA ALTSCHUL, Plaintiff and Appellant, v.
MELVIN L. SCHWEITZER, as Executor, etc.,
Defendants and Respondents.

**COUNSEL**

Virginia Ely for Plaintiff and Appellant.

James E. Clark for Defendants and Respondents.

**OPINION**

**WIENER, J.**—Plaintiff Ora Altschul appeals from the judgment of dismissal entered after the court sustained defendant's demurrer without leave to amend. We reverse with instructions to the trial court to overrule the demurrer.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 1984, Gary S. Schweitzer, an attorney, died testate. On October 10, the San Diego Superior Court issued letters testamentary to Melvin L. Schweitzer as executor of the estate under the Independent Administration of Estates Act.

The executor's attorney, James E. Clark, began to collect assets of Schweitzer's estate for their distribution to decedent's two minor children. One such asset included a $29,000 account receivable from Altschul representing attorney's fees for services rendered by the decedent. The claim was turned over to an agency for collection.

On November 30, 1984, and on several occasions after that, Altschul's attorney, Rita E. Moss, contacted Clark. These conversations included dis-

cussions relating to Altschul's inability to pay the debt and her contention decedent had failed to render his services in a competent manner. These discussions culminated in a compromise reflected in Clark's December 10, 1984, letter to Moss in which he stated the estate "reject[ed] any suggestion that there has been any negligence committed by Mr. Schweitzer," but the estate was willing to cancel Altschul's obligation because she "appears to . . . be judgment proof." In consideration for cancelling her $29,000 debt, Altschul released any cause of action she might have against the estate.

Altschul's counsel drafted a compromise and settlement agreement and sent it to Clark. The executor signed the agreement and returned it. In a letter to Altschul's counsel received February 4, 1985, Clark said the "agreement you forwarded to my office has been executed . . . Before releasing it from my possession in consummating the settlement, however, I feel that it is appropriate to petition the court for special instructions."

On March 20, 1985, the court denied the petition for compromise. According to Clark the court found there was insufficient evidence to support Altschul's claim for malpractice and accordingly the court believed it improper for the estate to abandon its claim for $29,000 in fees which would have been for the benefit of the minor beneficiaries.

Later, Altschul filed this malpractice action seeking damages against the executor. The executor successfully demurred on the ground Altschul had failed to file or present a claim against the estate within the mandatory four-month period required by California Probate Code section 700. This appeal ensued.

## DISCUSSION

In ruling on the demurrer the court was concerned with the inequity in denying Altschul the right to bring her action when it was clear the executor knew about her claim within the statutory four-month period. The court nonetheless believed it was bound by *Nathanson* v. *Superior Court* (1974) 12 Cal.3d 355 [115 Cal.Rptr. 783, 525 P.2d 687] and sustained the estate's demurrer without leave to amend.

In *Nathanson* the aggrieved claimant was the former wife of decedent who had timely filed a petition for family allowance. Her claim asserted she *anticipated* she would also file a claim for accrued and unpaid child support plus an additional sum representing the damages resulting from decedent's alleged failure to maintain a life insurance policy on his life as required by a property settlement agreement. Petitioner failed to file the latter claims within the statutory four-month period. The court held the

probate court was without power to permit the filing of a creditor's claim after expiration of the statutory period and that mere notice to the estate of the underlying debt representing the claim neither constituted a sufficient claim nor sufficient notice to permit an amendment. (*Id.*, at pp. 362-364.)

The case before us is factually distinguishable.

*Nathanson* involved a *potential* claim which petitioner *anticipated* she would file. Here after Altschul's counsel communicated her belief that a claim existed, Clark agreed to accept the claim offsetting it by the amount of money Altschul owed the estate. Probate Code section 700 provides "[A]ll persons having claims against the decedent [must] file them . . . or *present them to the executor* . . . within four months." (Italics supplied.) **(1)** A claim is properly filed when it is left with the executor's counsel. (*Roddan* v. *Doane* (1891) 92 Cal. 555, 557 [28 P. 604]; *Valente* v. *Sica* (1934) 1 Cal.App.2d 478, 481 [36 P.2d 1086].) Here, unlike *Nathanson* there is no contingency associated with the filing of the creditor's claim. Clark's letter to Moss written within the four-month statutory period refers to the settlement of Altschul's "claim." In the compromise and settlement agreement the parties stipulated that Altschul's "claims" against the estate for professional negligence were to be fully settled and Altschul was to release the estate from her "claims" of any sort including "any and all action, cause of action, *claims,* demands, damages, costs, attorneys' fees, expenses and compensation on account of or in any way incident to the aforesaid respective *claims* of Altschul." ■ The compromise and settlement agreement prepared by Altschul's counsel following oral communication to the executor of the amount of the Altschul claim is a sufficient written notice of a "claim" to substantially comply with the provisions of Probate Code section 700.

Moreover, to require Moss to have prepared a more formal notice of Altschul's claim at the same time that claim was being compromised and released would require the performance of what at that time appeared to be an unnecessary formality. In light of the settlement agreement, Moss reasonably concluded Altschul's "claim" had been settled and nothing further was legally necessary. We agree and accordingly reverse the judgment.

## DISPOSITION

Judgment reversed with instructions to the trial court to overrule defendant's demurrer allowing defendant 90 days within which to answer or oth-

erwise plead to plaintiff's complaint. Each party to bear his or her respective costs for this appeal.

Kremer, P. J., and Work, J., concurred.