[Civ. No. 8891. First Appellate District, Division Two.—August 23, 1933.]

## S. LEILA HOOVER, Respondent, v. SAM KING, Appellant.

Myron Harris, R. J. Darter and John Jewett Earle for Appellant.

Kilpatrick & Goodman for Respondent.

SPENCE, J.—Defendant appeals from a judgment in favor of plaintiff in the sum of $5,000 awarded for personal injuries resulting from an automobile accident. Defendant contends that the damages are excessive and that the trial court erred in refusing to give a certain instruction proposed by defendant.

The facts surrounding the happening of the accident need not be stated as the questions raised on this appeal relate solely to the issue of damages. When the automobiles of plaintiff and defendant collided plaintiff's automobile was damaged to some extent, but plaintiff was neither thrown from her car nor rendered unconscious. Plaintiff sustained no fractures of any kind and her injuries appeared to be quite superficial in their nature. She remained at the scene of the accident for some time, examined her car, and conversed with defendant regarding the cause of the accident. Plaintiff and defendant exchanged cards and plaintiff stated that she was not hurt much. She did not seek or receive any emergency treatment and after talking to some people at the drug-store in the vicinity of the accident, she accepted a ride to her home. She did not

consult a physician until the evening of the following day, when she went to a doctor's office for that purpose. The evidence produced on behalf of plaintiff showed that the physical injuries were slight and temporary in their nature. There was a swelling and a bruising of the right knee, right ankle and left elbow. These injuries were treated with hot applications and her physician testified that they had cleared up entirely some time prior to the trial which was held four and one-half months after the accident. There were no scars. Plaintiff also had a swelling on the right side of her head which was tender for about six weeks. The doctor prescribed rest in bed, ice bags on the head, mustard footbaths and sedatives. Plaintiff did not go to a hospital, but remained in bed at home for about two weeks and was partially disabled for about four weeks thereafter. Plaintiff had resumed the driving of her automobile some time prior to the trial. The only injury claimed to be serious or lasting was some loss of memory. Plaintiff's testimony on this subject was far from satisfactory and was practically negatived in its entirety by her general ability as a witness. Her physician's testimony on this subject was predicated upon statements made by plaintiff and certain memory tests, the result of which appeared to have been quite normal. We may state that defendant's expert testimony showed that plaintiff had suffered no permanent or lasting injury of any kind as a result of the accident. No special damage for loss of wages was alleged, but plaintiff endeavored to show loss of earning capacity under the general allegation of damage. Plaintiff was fifty-three years of age. She had worked as a nurse, but was not working at the time of the accident. During the ten months preceding the accident she had worked on but two cases and only for eleven weeks. The proof of loss of earning capacity was entirely based upon the testimony of plaintiff and her physician relating to her alleged loss of memory, which testimony has been commented upon above. The evidence relating to the expenses incurred as a result of the accident including X-rays, showed that these expenses amounted to something less than $300.

After considering all of the evidence most favorable to plaintiff, we are still of the opinion that said evidence was insufficient to sustain the award of $5,000. In *Aspe* v. *Pirrelli*, 204 Cal. 9 [266 Pac. 276], and *Davis* v. *Renton*, 99

Cal. App. 264 [278 Pac. 442], the facts were not exactly on all-fours with the present case, but the injuries were somewhat similar. The showing of damage in the last-named case was even stronger than the showing made in the present case. The court there referred to the well-settled rules governing appellate courts in considering the question of excessive damages, but after reviewing the evidence held that the judgment should be reversed. Upon the authority of the cases cited we cannot escape the conclusion that the judgment here cannot be permitted to stand.

The refused instruction had to do with the duty of an injured party to use ordinary care to avoid aggravating or prolonging the effects of an injury. Its correctness as an abstract proposition of law may be conceded, but under the evidence in the present case we do not believe that the mere failure to give said instruction would alone constitute prejudicial error requiring a reversal.

The judgment is reversed and the cause is remanded to the trial court for a new trial solely upon the issue of damages, with directions to the trial court upon settlement of that issue to enter judgment in favor of plaintiff for the amount so found. The defendant will recover his costs on this appeal.

Nourse, P. J., and Dooling, J., *pro tem.*, concurred.