[Civ. No. 9573.   First Appellate District, Division One.—December 19, 1935.]

CHESTER C. LAVIN, Respondent, v. WM. C. FEREIRA et al., Appellants.

Decoto & St. Sure for Appellants.

Appelbaum & Mitchell for Respondent.

WARD, J., *pro tem.*—This is an appeal by defendant from a judgment of $6,500 rendered in favor of plaintiff for damages for personal injuries.

The pertinent facts may be briefly stated: Respondent was driving an automobile easterly on Twentieth Street toward the intersection of West Street in the city of Oakland. Appellant was proceeding southerly on West Street approaching the same intersection. The cars collided within the intersection area. As a consequence of the accident respondent suffered a laceration in the palm of the right hand which, it is alleged, resulted in the severance of the median nerve.

Appellant contends that respondent by his own testimony was guilty of contributory negligence and that the damages allowed by the jury were excessive.

Driving at a speed between fifteen and eighteen miles an hour at a point approximately twenty-five feet west of the intersection, respondent looked to the north but was unable to see any approaching automobile within a distance of sixty feet; and he also looked towards the south. When he had proceeded a car length within the intersection appellant's automobile was visible forty feet to the north, and a short distance further the accident occurred. On cross-examination the testimony of plaintiff was contradictory and conflicting.

Appellant argues that the facts of this case fall squarely within the rule laid down in *Moss* v. *H. R. Boynton Co.*, 44 Cal. App. 474, 476 [186 Pac. 631], and approved in *Bullock* v. *Western Wholesale Drug Co.*, 91 Cal. App. 369, 372 [266 Pac. 978], wherein the court said: "It was a duty devolving upon plaintiff, as the act of an ordinarily prudent man, immediately before placing himself in a position of danger, to look in the direction from which danger was to be anticipated. This was a continuing duty and was not met by looking once and then looking away." In the Bullock case the driver failed to look in the direction whence danger might be anticipated until he was within the intersection. This testimony was uncontradicted, and hence presented a question of law.

The rule set forth in *Moss* v. *H. R. Boynton Co., supra,* does not mean that it is a duty to look one way and continue to so look, but rather to look in the direction or directions of anticipated danger, and to continue to be alert to safeguard against injury. There may be several directions from which danger might be anticipated which would necessitate vigilance as to each direction. In *Hamlin* v. *Pacific Electric Ry. Co.,* 150 Cal. 776, at page 780 [89 Pac. 1109], the court said: "Manifestly it is impossible for one driving a vehicle along a street to look in both directions at once, and it should ordinarily be left to the jury to determine, under the circumstances of each particular case, what amount of vigilance was requisite in order to constitute due care."

■ When a person takes no precautions at all for his own safety and is injured, and this conclusion is uncontroverted, contributory negligence is a question to be decided by the court. (*White* v. *Davis,* 103 Cal. App. 531, 542 [284 Pac. 1086]; *Stephens* v. *Kaufmann,* 137 Cal. App. 328, 331 [30 Pac. (2d) 536].) If evidence is introduced relative to the degree of requisite vigilance, and the inferences therefrom are honestly debatable, it becomes a question of fact for the jury to determine. (*Gore* v. *Market Street Ry. Co.,* 4 Cal. (2d) 154 [48 Pac. (2d) 2]; *Salomon* v. *Meyer,* 1 Cal. (2d) 11, 15 [32 Pac. (2d) 631]; *Anderson* v. *Market Street Ry. Co.,* 116 Cal. 282, 285 [2 Pac. (2d) 529].) ■ In the instant case whether respondent looked in the direction from which appellant was approaching, whether the point from which observation was made was prudently selected, whether respondent should have seen appellant's car within a distance of sixty feet, whether respondent should have looked north and south, or north alone, and whether due vigilance was observed continuously, were disputable questions of fact upon which reasonable minds might legitimately debate and honestly reach different conclusions. The question was properly submitted to the jury, and its finding under all the circumstances of the case is conclusive upon appeal.

■ The injury to plaintiff's hand was minor in character; and the evidence shows that any ill effects resulting therefrom can be remedied by a simple operation, which will result approximately in an eighty per cent recovery conceding that there was a severance of the median nerve. Assuming that such operation and the special damage suffered by plaintiff

will amount to $1500 (and no greater sum is claimed) the remaining portion of the verdict, amounting to the sum of $5,000, is entirely disproportionate to the damage suffered, is manifestly excessive and suggests at first blush passion, prejudice or corruption. We are of the opinion that a verdict of $2,500 would fully compensate plaintiff for the alleged injury. (See *Davis* v. *Renton*, 99 Cal. App. 264 [278 Pac. 442]; *Hoover* v. *King*, 134 Cal. App. 16 [24 Pac. (2d) 871]; *Aspe* v. *Pirrelli*, 204 Cal. 9 [266 Pac. 276].)

The judgment is accordingly reversed and the cause remanded to the lower court for a new trial on the issue of damages alone, unless within thirty days from the filing of the *remittitur* in the court below plaintiff shall remit from the judgment all except the sum of $2,500 and the costs as at present adjudged therein, neither party to recover from the other costs on this appeal. If such remission be so made, then and in that event the judgment shall stand affirmed; otherwise it shall stand reversed, and the case shall be retried on the issue of damages alone.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 18, 1936.