[Civ. No. 13633. Second Dist., Div. One. July 7, 1942.]

JOHN E. ZEHNDER et al., Respondents, v. RAYMOND R. SPAULDING et al., Appellants.

Hubert W. Swender for Appellants.

A. W. Brunton for Respondents.

YORK, P. J.—This appeal, which is prosecuted from a judgment awarding the sum of $2,000 damages to plaintiffs for injuries sustained by them in a collision between their automobile and one driven by defendant Raymond R. Spaulding, a minor, is presented to this court upon an engrossed bill of exceptions. From said bill of exceptions and the statements of fact contained in the briefs, it appears that said collision occurred under the following circumstances:

On May 25, 1941, the respondent John E. Zehnder, accompanied by his wife, respondent Alice Zehnder, was driving a De Soto automobile in a southerly direction along Haskell Avenue, an unpaved highway twenty feet in width running north and south through a sparsely-settled section of San Fernando Valley in the city and county of Los Angeles. As the De Soto approached the intersection of Haskell Avenue with Lassen Avenue, a paved highway running in an easterly and westerly direction, the paved portion thereof being twenty feet in width, the view to respondents' right was completely obscured by a row of trees growing along the westerly side of Haskell Avenue until they reached a point twenty to twenty-five feet north of the northerly curb line of said Lassen Avenue. Traveling at the rate of fifteen miles per hour, respondents at this point looked to their right and were able to see westerly along Lassen Avenue a distance of 200 feet. They saw no automobile on the highway within said distance of 200 feet, but they did observe a pedestrian walking in a westerly direction on Lassen Avenue about 100 or 150 feet west of its intersection with Haskell Avenue. Respondents then looked to their left in an easterly direction

toward Lassen Avenue. However, because there was a high growth of weeds along said easterly side of Haskell, they were unable to see what traffic, if any, was approaching the intersection from the east until the front wheels of their automobile were approximately on the north edge of the paved portion of Lassen Avenue. When it appeared that no traffic was approaching the intersection from the left or east, respondent John E. Zehnder shifted into low gear and proceeded into the intersection at a speed of fifteen miles per hour. It is admitted that respondents did not again look to their right until just an instant before the moment of impact between their De Soto and a Willys automobile which was being driven in an easterly direction on Lassen Avenue by the appellant Raymond R. Spaulding. The impact of the two cars occurred in the south half of Lassen Avenue, the Willys striking the De Soto at about the location of the front seat resulting in the breaking off of the front left wheel which caused the De Soto to skid on its axle or frame in an easterly direction along the southerly edge of the paved portion of Lassen Avenue a distance of approximately forty-nine feet.

Appellant Raymond R. Spaulding testified that he did not see respondents or their automobile until the moment of the impact.

Appellants urge that the court erred as a matter of law in making its findings of fact to the effect that respondent John E. Zehnder was operating his automobile "in a prudent manner" at the time of the accident, and that said respondent was not guilty of contributory negligence. In this connection, appellants argue that respondents' "action in looking to their right while at a distance of from 20 to 25 feet from the intersection curb line, and where their vision was limited to a distance of only 200 feet up Lassen avenue, is tantamount to not looking at all; at least it is not looking on *entering* the intersection, and constitutes contributory negligence as a matter of law." In support of their contention, appellants quote the following excerpt from the case of *Holibaugh* v. *Ito,* 21 Cal. App. (2d) 480, 486 [69 P. (2d) 871] ; ". . . it is the duty of the driver of a vehicle which is approaching an intersection of highways where other vehicles are liable to pass, to look *both* ways before *entering* such intersection." (Italics added.)

The record reveals as a matter of fact that respondents did look both ways before they crossed the twenty-foot paved

portion of Lassen Avenue. Traveling at fifteen miles per hour they looked to the right westerly along Lassen when they were within twenty or twenty-five feet of the intersection, and when the front wheels of their car were on the north edge of the pavement on Lassen Avenue, they looked to the left or east. Respondent John E. Zehnder then shifted into low gear and proceeded to cross the said twenty-foot paved section of Lassen Avenue and, having safely negotiated the first ten feet thereof, was struck when his car reached the second ten feet or the south half of the paved section of Lassen Avenue. When respondents looked to the right they had a clear view of Lassen Avenue for a distance of 200 feet to the west, at which time appellants' car was not in sight. From that point to the moment of impact, estimating the width of the shoulder on the north edge of Lassen Avenue at ten feet, respondents' car traveled at most not over fifty feet, during which time, as heretofore stated, respondents looked both to the right and to the left.

It is only "When a person takes no precautions at all for his own safety and is injured, and this conclusion is uncontroverted, [that] contributory negligence is a question to be decided by the court. (*White* v. *Davis,* 103 Cal. App. 531, 542 [284 Pac. 1086]; *Stephens* v. *Kaufmann,* 137 Cal. App. 328, 331 [30 P. (2d) 536].) If evidence is introduced relative to the degree of requisite vigilance, and the inferences therefrom are honestly debatable, it becomes a question of fact for the jury to determine. (*Gore* v. *Market Street Ry. Co.,* 4 Cal. (2d) 154 [48 P. (2d) 2]; *Salomon* v. *Myer,* 1 Cal. (2d) 11, 15 [32 P. (2d) 631]; *Anderson* v. *Market St. Ry. Co.,* 116 Cal. App. 282, 285 [2 P. (2d) 529].) In the instant case whether respondent looked in the direction from which appellant was approaching, whether the point from which observation was made was prudently selected, whether respondent should have seen appellant's car within a distance of sixty feet, whether respondent should have looked north and south, or north alone, and whether due vigilance was observed continuously, were disputable questions of fact upon which reasonable minds might legitimately debate and honestly reach different conclusions. The question was properly submitted to the jury, and its finding under all the circumstances of the case is conclusive upon appeal." (*Lavin* v. *Fereira,* 10 Cal. App. (2d) 710, 712 [52 P. (2d) 518].)

In the instant case whether respondents, particularly the

272

driver of the car, John E. Zehnder, exercised reasonable care in keeping a proper outlook and whether he acted as a reasonable man in not again looking to the right before he proceeded across the intersection were questions of fact for the court to determine and, having resolved them in favor of respondents, this court is powerless to interfere. It is noteworthy that, according to the bill of exceptions, the only evidence produced on behalf of appellants was to the effect that appellant Raymond R. Spaulding did not see the respondents or their automobile until the moment of impact.

In the circumstances presented by the record herein, there was no error on the part of the trial court in making the findings of fact complained of.

For the reasons stated, the judgment is affirmed.

Doran, J., and White, J., concurred.