For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.

[Civ. No. 13632.  Second Dist., Div. Three.  Dec. 1, 1942.]

B. J. DICKINSON, Respondent, v. PACIFIC GREYHOUND LINES (a Corporation), Appellant.

Bryce P. Gibbs for Appellant.

Ralph W. Swagler for Respondent.

SCHAUER, P. J.—Defendant appeals from a judgment entered against it on a verdict in an action for damages for personal injuries sustained by plaintiff when the automobile he was operating was struck in a through highway intersection by a bus operated by defendant.

The intersection involved is that of San Fernando Road and Sheldon Street in Los Angeles County. San Fernando Road, a four-lane paved boulevard, fifty-five feet wide, is sign posted as a through highway (Veh. Code, § 471) and in this locale runs generally northwesterly and southeasterly; Sheldon Street, unpaved, thirty feet in width, runs northeasterly and southwesterly. For convenience at the trial, however, San Fernando Road was spoken of as running north and

south and Sheldon Street as running east and west. To avoid confusion we follow the directional nomenclature used in the trial court.

On August 31, 1940, between 7:00 p. m. and 7:30 p. m., as darkness was setting in, the plaintiff was driving east on Sheldon. After entering its intersection with San Fernando Road and crossing, or at least reaching, the center of such intersection, his car, while traveling at about ten to fifteen miles per hour, was struck by defendant's bus, approaching from plaintiff's left and traveling south at sixty-five to seventy miles per hour. The lights of both plaintiff's car and defendant's bus were on at all times concerned. Plaintiff was severely injured in the collision.

Defendant states its contention on appeal as follows: "The evidence conclusively shows plaintiff guilty of contributory negligence as a matter of law, proximately contributing to his injury and barring his right of recovery . . . [in that]

"(a) Plaintiff failed to stop before entering the 'through highway'. . . .

"(b) Plaintiff entered the 'through highway' . . . against the immediate hazard of collision with the approaching bus . . . [and]

"(c) Plaintiff, upon and after entering the intersection in question, failed to look again in the direction of the approaching bus."

Defendant's contention is not supported by the record. As to its proposition (a), that the plaintiff failed to stop before entering the through highway, the evidence includes the following: (Testimony by plaintiff) "Q. When you reached the point marked on the map as D-1 [entrance to intersection] what did you do? A. I stopped and looked to see if there were any cars coming. Q. Did you bring your car to a complete stop? A. I did." There was also direct testimony of several witnesses that plaintiff had stopped his car a few feet back of the stop sign which was stipulated to be located "approximately 40 feet west from the intersection." The above quoted testimony effectually disposes of defendant's argument on the point involved. Any discrepancies in plaintiff's testimony or between it and other evidence served at most to create a conflict which the jury resolved adversely to defendant.

Defendant's proposition (b), that plaintiff entered the through highway against the immediate hazard of collision with the approaching bus, in the light of the event which

ensued, obviously has factual support to a degree; i.e., the heavy bus speeding at sixty-five to seventy miles per hour and persisting in its speed until the impact, was a likely hazard to all traffic in the vicinity on, or entering, the highway in front of it. But plaintiff, under the circumstances shown, as long as he was exercising ordinary care for the safety of himself and others on the highway had a right to assume, in the absence of knowledge or notice to the contrary, that defendant's bus would be lawfully operated. When plaintiff stopped at the curb line he looked for traffic on the through highway both from the north and from the south. He observed defendant's bus. When plaintiff entered the intersection, after having stopped both near the stop sign *and at the curb line,* the bus was still nearly a city block away, "between 300 and 400 feet." According to another witness "the bus was about 200 or 250 feet away from the intersection" when the front end of plaintiff's car had already passed the white line marking the lane next to the center of San Fernando Road, on the west side. It was shown that it was the left front corner of the bus which struck the left rear corner of plaintiff's car.

Upon the evidence above recounted it was a question of fact for the jury as to whether plaintiff had exercised reasonable care in stopping and observing defendant's bus and in forming the opinion that it was not an immediate hazard and that he had time safely to cross the highway. (*Page* v. *Cudahy Packing Co.,* (1939) 31 Cal.App.2d 282, 288 [87 P.2d 913].) In this connection it is apparent, and the jury had a right to infer, that if defendant's bus had been traveling at a lawful speed plaintiff's estimate of the situation would have been entirely justified. In other words, defendant's bus was a hazard to plaintiff's car not because of the proximity of the bus but because of its unlawful speed. At its distance danger could be anticipated from it only by anticipating that its driver would violate the law. ■ The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which comes to him only from violation of law or duty by such other person. (*Harris* v. *Johnson,* (1916) 174 Cal. 55, 58 [161 P. 1155, Ann. Cas. 1918E, 560, L.R.A. 1917C, 477]; *Medlin* v. *Spazier,*

(1913) 23 Cal.App. 242, 245 [137 P. 1078], quoting from 29 Cyc. 516.) Whether reasonable care is used under the circumstances in any particular case in relying upon the presumption is a question for the jury. (*White* v. *Davis*, (1930) 103 Cal.App. 531, 545 [284 P. 1086].) As to whether plaintiff should have been able to ascertain from observation that defendant's bus was in fact traveling at an unlawful speed, the jury may well have considered that it was dusk, if not dark, and that under such circumstances speed of a distant vehicle might be difficult to estimate accurately.

Likewise, as to defendant's proposition (c), it was for the jury to determine whether plaintiff's conduct satisfied the standard of ordinary care when he proceeded in his attempt to cross the highway without again looking in the direction of defendant's bus after he had first observed it at a distance of 1100 or 1200 feet and later at some 300 or 400 feet away from the intersection. (*Swartz* v. *Feddershon*, (1928) 92 Cal.App. 285, 290 [268 P. 430].)

It is the established law of this state "that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury." (*Crawford* v. *Southern Pacific Co.*, (1935) 3 Cal. 2d 427, 429 [45 P.2d 183].) It is the duty of appellate courts not to seek perjury in the testimony of witnesses, but rather to endeavor to harmonize apparent inconsistencies in their statements. It has been said that "This is especially true in automobile accidents. Modern psychological experiments have shown that due to the quickness with which an accident happens, those who see it, and those who participate in it, may not get clear impressions. If, after trial, an appellate court attempted to weigh every one of these impressions which may seem contradictory, by the rules of the exact sciences, few verdicts would stand." (*Hughes* v. *Quackenbush*, (1934) 1 Cal.App.2d 349, 355 [37 P.2d 99].)

Viewing the evidence in its aspects most favorable to sustaining the judgment (2 Cal.Jur., § 515, p. 880; *Nunziato* v. *Prout*, (1930) 104 Cal.App. 573, 576 [286 P. 455, 287 P. 366]; *Macart* v. *San Joaquin B. & L. Assn.*, (1941) 45 Cal.App.2d 395, 398 [114 P.2d 395]; *Dell* v. *Hjorth*, (1942) 51 Cal.App. 2d 576, 578 [125 P.2d 505]; *De La Motte* v. *Rucker*, (1942)

*ante,* pp. 226, 229 [130 P.2d 444] ; *Signorelli* v. *Miller,* (1942) *ante,* pp. 538, 542 [130 P.2d 730]) defendant's appeal appears wholly devoid of merit.

The judgment is affirmed.

Shinn, J., and Wood (Parker), J., concurred.