[Civ. No. 12711. First Dist., Div. One. Oct. 2, 1945.]

RUDOLPH D. LANG, JR., a Minor, etc. et al., Respondents, v. LOIS BARRY, Appellant.

Robert L. Lamb and A. Dal Thomson for Appellant.

Walter McGovern, Elliott R. Divine and Julian D. Brewer for Respondents.

PETERS, P. J.—At about 6:20 p.m. on the evening of October 14, 1941, Rudolph Lang, Jr., a sixteen-year-old minor employed part time as an attendant at the Signal Oil Station at the southeast corner of Fowler Avenue and Portola Drive in San Francisco, was called upon to repair the tire of an automobile which was then parked on the north side of Portola Drive a short distance west of the Signal station. Lang procured a portable jack and proceeded west along Portola Drive until he reached a point directly opposite the disabled automobile. He then proceeded north straight across Portola Drive at a point where there was no marked or unmarked crosswalk. When he was three or four feet north of the center line of Portola Drive he was struck by defendant's automobile which was traveling west on that street, and received the serious injuries for which this action was brought. The jury awarded Rudolph, Jr., $4,500 for his injuries, and awarded his father $1,576.95 special damages.

On this appeal defendant makes but two contentions, first, that plaintiff was guilty of contributory negligence as a matter of law, and second, that the jury was erroneously instructed that it could award damages for permanent injury. Neither contention is sound.

Portola Drive runs in an easterly and westerly direction. It is one hundred and thirty feet wide from curb to curb. At the time of the accident defendant was driving her Dodge Sedan west on Portola Drive. There was no other traffic moving in either direction. It was dusk, but the evening was clear and dry, there was no fog, the area was well-lighted by street lights, and the view was unobstructed. As plaintiff stepped into the eastbound traffic lane, he looked to the west and saw no approaching automobiles. He looked to the east and saw defendant's car coming over a slight rise at a distance later measured as three hundred feet away. He estimated that its speed was moderate. On his deposition plaintiff had likewise placed the car when observed by him as coming over the rise, but then estimated the distance in feet at about two hundred. At the trial he testified that his deposition estimate was based on "what I remembered at the time of the accident." Defendant contends that in determining whether plaintiff was guilty of contributory negligence as a matter of law the two-hundred foot estimate alone must be considered although the actual distance was in fact three hundred feet. As defendant interprets the evidence plaintiff

testified that when he saw the car he estimated that it was but two hundred feet away. That is not the only or most reasonable interpretation of the evidence. It is also susceptible of the interpretation that when plaintiff first observed the car he made no estimate in feet as to its distance, but based his belief that it was safe to cross on the position of defendant's car on the road in relation to his own position.

After observing defendant's car, and without looking again, plaintiff continued walking across the street pulling the jack, and was struck by defendant's car at a point three or four feet north of the center line, when he had traveled about thirty-five feet from the point where he had first observed the automobile.

Defendant does not question the sufficiency of the evidence to establish her negligence, but urges that the minor plaintiff was contributively negligent as a matter of law in crossing the center line of the highway into the path of the car he had seen approaching, and in failing to yield the right of way as required by section 562 of the Vehicle Code. The contentions are without merit. ▮ Section 562 does not prohibit a pedestrian's crossing outside of a crosswalk at any time when a motor vehicle is on the highway. ▮ "While the duty to yield the right of way, imposed on the pedestrian by Section 562, may call for a higher degree of care while crossing between intersections, the real question of fact in such a case is whether the required care has been exercised, and not merely whether or not the right of way has been actually yielded." (*Shipway* v. *Monise,* 59 Cal.App.2d 565, 571 [139 P.2d 60].) "It cannot be said that as a matter of law a pedestrian who crosses a well lighted business street in the middle of a block is guilty of violating the statute or of negligence proximately contributing to his injury when he proceeds on his way after having observed an automobile approaching from a distance of 200 feet, with nothing to obstruct his view or that of the driver." (*Fuentes* v. *Ling,* 21 Cal.2d 59, 62 [130 P.2d 121].) In the Fuentes case the observation was made at the center line, whereas in this case the observation was made at the edge of the eastbound traffic lane. But the question is still whether, as a matter of law, the plaintiff failed to exercise the requisite degree of care. The answer depends upon whether the care exercised was commensurate with the danger reasonably to be anticipated. ▮ Portola Drive is a city street, where only moderate driving speeds are to be expected.

The street is broad, and the view unobstructed. There was plenty of room for the automobile to have passed in front of Lang. There was no other traffic on the road. It was well-lighted. Plaintiff was dressed in jeans and a light shirt, and pulling a large object. He was within view of the driver during the entire time he was upon the street. He observed the approaching automobile and its speed and distance from him. He observed that there was no other traffic upon the road. ■■ It was his duty to exercise due care at all times while crossing the street. (*Moss* v. *H. R. Boynton Co.*, 44 Cal. App. 474 [186 P. 631] ; *Sheldon* v. *James*, 175 Cal. 474 [166 P. 8, 2 A.L.R. 1493].) But it is only ''when a person takes no precautions at all for his own safety and is injured, and this conclusion is uncontroverted, contributory negligence is a question to be decided by the court. [Citing cases.] If evidence is introduced relative to the degree of requisite vigilance, and the inferences therefrom are honestly debatable, it becomes a question of fact for the jury to determine. [Citing cases.] In the instant case whether respondent looked in the direction from which appellant was approaching, whether the point from which observation was made was prudently selected, whether respondent should have seen appellant's car within a distance of sixty feet, whether respondent should have looked north and south, or north alone, and whether due vigilance was observed continuously, were disputable questions of fact upon which reasonable minds might legitimately debate and honestly reach different conclusions. The question was properly submitted to the jury and its finding under all the circumstances of the case is conclusive upon appeal.'' (*Lavin* v. *Fereira*, 10 Cal.App.2d 710, 712 [52 P.2d 518] ; see, also, *Zehnder* v. *Spaulding*, 53 Cal.App.2d 268 [127 P.2d 620] ; *Anthony* v. *Hobbie*, 25 Cal. 2d 814 [155 P.2d 826].) ■■ It is not negligence to assume that one is not exposed to danger which comes to him only from the violation of law or duty by another person. (*Dickinson* v. *Pacific Greyhound Lines*, 55 Cal.App.2d 824, 827 [131 P.2d 401].)

■■ Appellant cites numerous cases in which pedestrians have been held contributively negligent as a matter of law. They depend upon the circumstances of the particular cases and are not applicable here, where the plaintiff actually observed the car, its speed and relation to him, the width of

the street and absence of traffic, and concluded that it was safe to cross. ██ ''Whether a mistake in judgment by a pedestrian when crossing a street, as to the speed and danger of an approaching vehicle constitutes contributory negligence, is a question for the jury.'' (*Kirk* v. *Los Angeles Ry. Corp.*, 26 Cal.2d 833, 839 [161 P.2d 673], citing *Lowell* v. *Harris*, 24 Cal.App.2d 70 [74 P.2d 551]; *Welch* v. *Sink*, 24 Cal.App. 2d 231 [74 P.2d 832]; *Ladas* v. *Johnson's B. & W. Taxicab Co.*, 43 Cal.App.2d 223 [110 P.2d 449]; *Sanker* v. *Humborg*, 48 Cal.App.2d 203 [119 P.2d 431]; *Nightingale* v. *Birnbaum*, 11 Cal.App.2d 34 [52 P.2d 955]; *Gallardo* v. *Luke*, 33 Cal. App.2d 230 [91 P.2d 211].)

██ Appellant also contends that the court erred in instructing the jury that it could consider permanence of the injuries, if any, in fixing damages. There is no contention that the form of the instruction is incorrect, but appellant argues that there is no evidence that the injury is permanent, and that hence the instruction authorized the jury to award damages for future injury not certain to occur. There was no error in the giving of the instruction. It authorized the jury to consider permanent injuries, if any, and loss of wages which plaintiff is reasonably certain to suffer in the future because of his impairment, if any. ██ Section 3283, Civil Code, authorizes damages for detriment certain to result in the future. The ''detriment'' for which damages can be awarded is not limited to impairment of earning capacity or pain. ██ While the medical testimony is not as clear as might be desired on this issue, plaintiff's physician, Dr. Dillon, testified that there will be a permanent difference in the size of the injured and uninjured leg, that the difference in circumference means that the muscles of the injured leg are smaller and correspondingly weaker; that there had been some atrophy of the left leg and calf; that two years after the accident there was some limitation of motion; that there was a permanent overlapping of the fibula. It also appeared that plaintiff had been disqualified because of his injury for regular military service, and had been accepted only for limited service as a specialist. This evidence supports the submission to the jury of the question of permanence of the injury as an element of damages. The permanent weakness of the left leg having been shown, impairment of the minor plaintiff's earning power could properly be considered by the jury, being within the knowledge and observation of the jury

as persons of ordinary intelligence and experience. (*Girard* v. *Irvine,* 97 Cal.App. 377, 385 [275 P. 840]; *Ostertag* v. *Bethlehem etc. Corp.,* 65 Cal.App.2d 795 [151 P.2d 647]; *Bauman* v. *San Francisco,* 42 Cal.App.2d 144 [108 P.2d 989]; *Kimic* v. *San Jose & Los Gatos etc. Ry. Co.,* 156 Cal. 273 [104 P. 312].)

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.