[Civ. No. 25673.   Second Dist., Div. Four.   Mar. 16, 1962.]

DONALD McNEIL et al., Plaintiffs and Appellants, v. DONALD LEE YOUNG et al., Defendants and Respondents.

490

Kasem & Trench and Roger W. Roberts for Plaintiffs and Appellants.

Spray, Gould & Bowers for Defendants and Respondents.

BALTHIS, J.—This is an appeal from a judgment in favor of defendants in a personal injury action arising out of an intersection automobile collision. The plaintiffs were passengers in a Ford automobile driven by one Gardner. Defendant Young was the driver of a truck and trailer owned by defendant Pepsi-Cola Bottling Company. The trial court heard the case, sitting without a jury, and by stipulation of the parties received evidence limited to the question of liability. The judgment was in favor of the defendants on this issue, findings of fact and conclusions of law were waived, and plaintiffs appeal from such judgment.

In the absence of findings of fact and conclusions of law, every intendment is in favor of the judgment appealed from and it is presumed that every fact or inference essential to the support of the judgment and warranted by the evidence was found by the court. (*Reid* v. *Valley Restaurants, Inc.*, 48 Cal.2d 606, 609 [311 P.2d 473].) However, where the transcript is before the reviewing court (as it is here), the court is not required to indulge in an assumption as to the sufficiency of the evidence to support the implied findings as the sufficiency will be determined from an examination of the evidence itself. Where the transcript of the evidence is examined, the reviewing court will not weigh the evidence to determine what is true and what is not true, but it will search the record for the purpose only of determining whether there is substantial evidence supporting the judgment and will resolve all doubts in favor of the judgment (*Mears* v. *Mears*, 180 Cal.App.2d 484, 497-498 [4 Cal. Rptr. 618]).

The accident in question occurred at the signal-controlled intersection of Broadway and north Daly Street in Los Angeles on the evening of August 8, 1958, at 8:30 p. m. The Ford automobile driven by Gardner, and in which plaintiffs were riding, was proceeding in an easterly direction on Broadway and the truck driven by defendant Young was proceeding in a northerly direction on Daly Street.

Construing the evidence most favorably for the defendants it appears from the testimony of defendant Young, who was driving the truck, that as he was approaching the intersection

the light was green for northbound traffic on Daly. As he approached the intersection he observed the Ford automobile in which plaintiffs were riding but he did not realize at that time that the Ford would not be able to stop. He looked at the light and saw that it was still green. He then looked back at the Ford and for the first time realized that it could not stop in time. He then immediately applied his brakes and swerved to the right. His truck and trailer laid 47 feet of left rear wheel skid marks.

Gardner, the driver of the Ford automobile, testified that he was proceeding eastbound on Broadway and that about half a block from the intersection he saw the light was green and just as he entered the intersection it changed to amber. A building obstructed his vision to the south. He was looking ahead watching traffic and he did not see the truck until his mother-in-law (who was a passenger and who is one of the plaintiffs) shouted, "look out." He was traveling approximately 25 to 30 miles per hour and had no opportunity to put on his brakes. He tried to cut the steering wheel to the left.

An independent witness, Brown McWilliams, manager of the Star Light Theater on Broadway, testified he was standing in front of the box office. When he heard the sound of brakes he looked at the intersection and saw a truck enter the intersection and the next moment the automobile hit it. When he looked up the light was red for traffic on Broadway and the traffic in front of the theatre was slowing down for the traffic light.

The testimony mentioned above supports the conclusion that Gardner, the driver of the Ford, ran the red signal, did not see the truck and had no opportunity to put on his brakes before the collision.

The evidence would clearly support findings that defendant Young was not negligent and that the negligence of the other driver, Gardner, was the sole proximate cause of the accident.

We hold that there is substantial evidence here to support the judgment in favor of defendants.

Plaintiffs make the point that defendant Young testified that upon seeing the Ford he was aware that the vehicle constituted a hazard to the operation of his truck. Plaintiffs describe this as an "admission" by defendant Young. However, at another point, defendant Young stated that when he first saw the Ford he did not know it would have to make an emergency stop, and further although when Young first saw the Ford he could have stopped his truck

he had no reason to because the Ford had plenty of room to stop. At the most this is only an inconsistency. █ It is the function of the trial judge to determine after hearing and observing a witness whether parts of his testimony are merely inconsistent statements which sometimes occur under the stress of a court trial, or whether they are in effect judicial admissions. (See *Weingetz* v. *Cheverton*, 102 Cal.App.2d 67, 78-79 [226 P.2d 742].)

█ Plaintiffs further contend that the defendant Young "had a clear opportunity" to avoid the accident when he first recognized that a "hazard" existed, because he then had the ability to stop in time to avoid the disaster. What is sought to be established is that defendant Young failed to avoid the accident by the exercise of ordinary care and this failure was the proximate cause of plaintiffs' injuries. There is no issue of contributory negligence on the part of the plaintiffs here as they were passengers in a car driven by a third party. Therefore the use of the doctrine of last clear chance as a means of eliminating the defense of contributory negligence would be inapplicable.

█ In the instant case, defendant Young had the green light and when he first saw the Ford the driver of that car could have obeyed the traffic signal as he (the Ford driver) "had plenty of room to stop." Young naturally presumed that the other driver would obey the traffic laws. (See *Dickinson* v. *Pacific Greyhound Lines*, 55 Cal.App.2d 824, 827 [131 P.2d 401].) The failure on Young's part, at the outset, to anticipate the violation of law on the part of Gardner was not negligence. At the first moment when Young realized that the Ford was not going to stop, he (Young) "hit the brakes." Reference to the cases which have passed upon the attempted use of the doctrine of last clear chance in connection with intersection collisions is helpful in determining whether in the case at hand Young did in fact have a "last clear opportunity" to stop, and further as to whether his failure to do so would constitute negligence.

█ The courts have been reluctant to apply the last clear chance doctrine to intersection accidents involving two rapidly moving vehicles. In *Rodabaugh* v. *Tekus*, 39 Cal.2d 290, 294 [246 P.2d 663], the testimony showed that defendant was traveling on a through highway and decedent was on a side road controlled by a stop sign. Defendant first saw decedent's vehicle when both vehicles were about 500 feet from the intersection. The decedent never slowed down, but drove directly

through the stop sign into defendant's path of travel. The court stated at page 294: "Under any view of the testimony it is clear that both cars were approaching the intersection at approximately the same time and at approximately the same speed. Disregarding for the moment the fact that defendant was traveling on the through highway and decedent was traveling on a road which was plainly marked with stop warnings, it is apparent that this case presents the picture of one of the usual types of intersection collisions between two rapidly moving vehicles. It has been frequently stated that the last clear chance doctrine is ordinarily inapplicable under such conditions." And in *Johnson* v. *Sacramento Northern Ry.*, 54 Cal.App.2d 528 [129 P.2d 503], at page 532, it is stated: "It is only in exceptional circumstances that the doctrine may be applied to cases involving collisions between two moving vehicles or at least in cases where the injured party is driving a rapidly moving vehicle for in such cases the act creating the peril ordinarily occurs practically simultaneously with the happening of the accident and the party sought to be charged cannot be said to have had a *last clear* chance to avoid the accident *after* the discovery of the injured party's peril." (See also *Nemer* v. *Atchison, T. & S. F. Ry. Co.*, 156 Cal.App. 2d 445 [319 P.2d 770].)

In the case at bar the evidence does not establish negligence on the part of defendant and we hold the doctrine of last clear chance is not applicable.

The judgment appealed from is affirmed.

Burke, P. J., and Jefferson, J., concurred.